IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KELLIE LANDRIO,
ADC #139252                                                                                              PLAINTIFF

v.                                            5:08CV00311SWW/HLJ

SGT. CORLEY                                                                                           DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## **DISPOSITION**

By Order dated December 4, 2008 (DE #3), this Court granted plaintiff's application to proceed in forma pauperis in this lawsuit filed pursuant to 42 U.S.C. § 1983. However, finding plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed plaintiff to amend his complaint. Plaintiff has now filed an amended complaint (DE #5).

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. A complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Furthermore, pro se complaints must be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v.

Kerner, 404 U.S. 519, 520-21 (1972), and each allegation must be accepted as true. See Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983. Grady v. Wilken, 735 F.2d 303, 305 (8th Cir. 1984). A well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

In his original complaint, plaintiff stated defendant yelled at him and discriminated against him because of plaintiff's past life style as a homosexual. He also stated defendant lied to him and "talked bad" to him. Plaintiff asked that defendant be fired and that plaintiff be awarded damages for "mental and stress emotions." In his amended complaint, plaintiff states when he arrived at the Pine Bluff Unit in February 2008, he was assigned to the buffing crew which was supervised by the defendant. He alleges defendant lied to the classification committee concerning plaintiff's abilities, in order to prevent plaintiff from working on his crew. Plaintiff states he was reassigned jobs but continued to be supervised by defendant, who made it clear to him he did not like homosexuals. Plaintiff states the conduct continued until he was transferred to a different Unit in May, 2008.

In order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In this particular case, the Court finds plaintiff's allegations in his original and amended complaints fail to state a claim upon which relief may be granted, for several reasons. First, plaintiff does not have a constitutional right to a particular job while in prison. Sanders v. Norris, 153 Fed.Appx. 403, 404 (8th Cir. 2005), citing Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). In addition, allegations of

verbal abuse do not rise to the level of a constitutional violation.  See King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997).   With respect to his claim of discrimination, plaintiff does not allege  he was treated in a manner different from others.  Finally, the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), requires that an inmate may not file a federal civil rights action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." In this particular case, plaintiff never alleges any injury or accident as a result of the defendant's allegedly unconstitutional actions.  In fact, plaintiff clearly states in his complaint his request for relief is to compensate for "mental and stress emotions."   Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendant is DISMISSED with prejudice, for failure to state a claim.[1]

IT IS SO ORDERED this 8th day of January, 2009.

_____
United States Magistrate Judge

---

[1] This dismissal is considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C § 1915(g), which provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.